FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00529-BNB

ERIC ADAMS,

    Applicant,

v.

BLAKE R. DAVIS, Warden,

    Respondent.

## ORDER OF DISMISSAL
## AND IMPOSITION OF FILING RESTRICTIONS

Applicant, Eric Adams, acting *pro se*, initiated this action on March 3, 2011, by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In attachments to the Application, Mr. Adams challenges his sentence and conviction in the United States District Court for the Eastern District of New York (Eastern District of New York). Specifically, Mr. Adams asserts that the Eastern District of New York failed to show what removal authority it had to acquire subject matter jurisdiction over his state criminal proceeding. The claims that Mr. Adams raises in this action were raised in at least two previous actions in this Court and were dismissed because Mr. Adams has an adequate and effective remedy pursuant to § 2255 in the Eastern District of New York to challenge the validity of his sentence. *Adams v. Holt*, No. 01-cv-00579-ZLW (D. Colo. May 31, 2001), *aff'd*, No. 01-1274 (10th Cir. Dec. 6, 2001), *cert. denied*, 537 U.S. 842 (2002); *Adams v. Wiley*, No. 08-cv-00538-ZLW (D. Colo. Apr. 3, 2008), *aff'd* No. 08-1204 (10th Cir. Aug. 25, 2008). Besides the two § 2241 applications filed by Mr. Adams in this Court, on three occasions, twice in the Eastern District of New York and once in

the United States District Court for the Southern District of Illinois (Southern District of Illinois), Mr. Adams filed § 2241 actions in which he attempted to challenge the validity of his 1995 conviction and sentence in the Eastern District of New York based on lack of removal authority and subject matter jurisdiction by the sentencing court. *See Adams V. United States of America*, No. 06-cv-02984-CBA (E.D. N.Y. June 30, 2006), *denied on appeal*, No. 06-3125 (2d Cir. Sept. 22, 2006) (section 2241 action was construed as § 2255 and transferred to the Second Circuit as successive); *Adams v. Davis*, No. 04-cv-00805-DRH (S.D. Ill. July 25, 2005) (§ 2241 action denied because an adequate remedy was available in sentencing court in a § 2255 action), *aff'd*, No. 05-3270 (Nov. 17, 2005); *Adams v. United States*, No. 03-cv-00288-CBA (E.D. N.Y. Jan. 31, 2003) (§ 2241 action denied because an adequate remedy was available in a § 2255 action), *aff'd*, No. 03-2096 (2nd Cir. June 16, 2004).

Mr. Adams was warned previously by this Court, in Case No. 08-cv-00538-ZLW, that if he filed any future actions in this Court challenging his sentence in the Eastern District of New York, which more properly should be filed in the Eastern District of New York, he would be subjected to filing restrictions or monetary sanctions. Pursuant to these warnings, on April 26, 2011, Magistrate Judge Boyd N. Boland directed Mr. Adams to show cause why he should not be enjoined from filing any future actions in this Court that pertain to the same issues he raised previously in this Court regarding the validity of his criminal conviction and sentence from the Eastern District of New York. On May 9, 2011, Mr. Adams submitted a filing titled, "Motion Pursuant to Fed. R. Civ. P. 54(b)," in which, for the most part, he continues to assert the same claims he has asserted in each of the § 2241 actions that he has filed.

Mr. Adams appears to argue in the Motion that he has raised the issue of subject matter jurisdiction only one time in Case No. 08-cv-00538-ZLW, but because the court did not address the jurisdiction claim on the merits this action is not successive and he is free to raise the claim again. Rule 54(b) Mot. at 9-11 (Doc. No. 15). Mr. Adams argument lacks merit. Furthermore, Mr. Adams does not acknowledge Case No. 01-cv-00579-ZLW or the other § 2241 actions he filed in the Eastern District of New York and the Southern District of Illinois that raise the same issues. Nor does he address the warning in Case No. 08-cv-00538-ZLW instructing him to refrain from filing any future actions in this Court challenging his sentence in the Eastern District of New York.

Mr. Adams was instructed in the April 26 Order that "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n,* 469 F.3d 1340, 1343 (10th Cir. 2006)). Federal courts have the inherent power under 28 U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are "necessary or appropriate in aid of [the Court's] jurisdiction." See *Winslow v. Hunter (In re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam); *Tripati,* 878 F.2d at 352. "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and "where, as here, a party has engaged in a pattern of litigation activity which is manifestly abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d at 315.

The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981). These restrictions may be directed to provide limitations or conditions on the filing of future suits. *Id.* Injunctions restricting further filings are appropriate where (1) the litigant's lengthy and abusive history is set forth; (2) the court provides guidelines as to what the litigant may do to obtain its permission to file an action; and (3) the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Tripati,* 878 F.2d at 353-54.

The Court has reviewed all the cases that Mr. Adams has filed challenging the validity of his conviction in the Eastern District of New York. These cases are repetitive and substantively frivolous. Mr. Adams' continual filing of cases raising repetitive claims is malicious. Mr. Adams does not have a proper cause of action in this Court with respect to his challenge to his sentence and conviction in the Eastern District of New York. He was instructed in Case No. 08-cv-00538-ZLW that the Court would not review the merits of his claims because he has an adequate and effective remedy in the Eastern District of New York. He also was instructed about future filing restrictions and was given an opportunity to oppose the restrictions in this case. The Court, therefore, will enjoin Mr. Adams from filing any future *pro se* actions in this Court, as of the date of this Order, that pertain to the same issues Mr. Adams has raised in this Court regarding the validity of his criminal conviction and sentence in the Eastern District of New York. Accordingly, it is

ORDERED that Mr. Adams is enjoined from filing any future *pro se* actions in this

Court as of the date of this Order that pertain to the same issues Mr. Adams has raised in this Court regarding the validity of his criminal conviction and sentence in the Eastern District of New York. It is

FURTHER ORDERED that in any future *pro se* pleadings Mr. Adams submits to this Court the pleadings shall be reviewed by a judicial officer pursuant to D.C.COLO.CivR 8.1 as follows: (1) first by a magistrate judge to determine whether the filing challenges the validity of his criminal conviction and sentence in the Eastern District of New York ; and (2) second by a district judge, if a magistrate judge finds that the pleading addresses the validity of his criminal conviction and sentence in the Eastern District of New York, who shall determine whether or not the pleading should be filed. It is

FURTHER ORDERED that the Application is denied and the action is dismissed with prejudice. It is

FURTHER ORDERED that Mr. Adams' "Request that the Court Order Petitioner to be Release [sic] to the General Population of ADMAX," Doc. No. 16, and his Amendment to Motion, Doc. No. 17 are denied as moot.

DATED at Denver, Colorado, this __19th__ day of ___May___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00529-BNB

Eric Adams
Reg. No. 44221-053
ADX Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 19, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk